IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FREDERICK B. SPENCER, III,            )
                                      )
                    Plaintiff,        )
                                      )
        v.                            )     1:04CV01150
                                      )
H. TERRY HUTCHENS, as Substitute      )
Trustee, Chase Manhattan Mortgage     )
Corporation, and RBC Mortgage         )
Company,                              )
                                      )
                    Defendants.       )

## MEMORANDUM OPINION AND ORDER

**Eliason, Magistrate Judge**

This matter is before the Court on defendants' motions for sanctions and for summary judgment. The case started out in state court. Plaintiff Frederick B. Spencer, III ("Spencer") filed this action in Cabarrus County Superior Court on November 8, 2004. As defendants, he named H. Terry Hutchens, P.A. ("Hutchens"), along with Chase Manhattan Mortgage Corporation ("CMMC"). Hutchens, acting as a Trustee under a secured Note, was attempting to foreclose on Spencer's real property in Cabarrus County, North Carolina, on behalf of CMMC. The property was secured by a Promissory Note originated by RBC Mortgage Company ("RBC"), which Spencer executed on July 30, 2003 in the principal amount of $247,000.00 before it was transferred to CMMC. Plaintiff's complaint alleges failure to properly notify him of the loan transfer.

Plaintiff was to make monthly payments under the Note beginning on September 1, 2003 in the amount of $1,461.10.  See

(Reitmajer Aff., Docket No. 36) and (Smith Aff. Ex. B to Docket No. 30). He only made two payments and the Note went into default. It was transferred to Mortgage Electronic Registration Systems and CMMC became the servicer of the Note effective February 1, 2004. RBC mailed a Notice of Assignment to plaintiff telling him that the loan account was being transferred to CMMC, but the letter was sent to the wrong address.[1] As will be seen, both defendants claimed to have subsequent oral contact with plaintiff. In any event, the default was not corrected and CMMC began foreclosure proceedings.

The defendants removed the case to this Court pursuant to 28 U.S.C. § 1441. They contended the case raised a question of federal law within this Court's original jurisdiction pursuant to 28 U.S.C. § 1331. At that time, plaintiff was represented by counsel. A discovery order was entered via a Joint Rule 26(f) Report. However, around that time, plaintiff's attorney filed a motion to withdraw on the ground that plaintiff failed to cooperate with counsel, making representation impossible. The Court entered an order permitting conditional withdrawal, but requiring plaintiff to enter a personal appearance within twenty days. Later, the Court granted an extension of discovery at plaintiff's request, but required that plaintiff either have an attorney or that he personally enter an appearance on or before January 6, 2006. The

---

[1] It appears that when the loan was originated, plaintiff's address was incorrectly inputted as being 1246 Buckstone Court, Concord, North Carolina 28027, as opposed to the correct address being 1246 <u>Blackstone</u> Court. Mr. Reitmajer's Affidavit (docket no. 36, ¶ 10) uses another variation, <u>i.e.</u>, "Blackshore," but the underlying documents refer to "Blackstone." Nevertheless, defendants state that no correspondence was ever returned to them for having this incorrect address.

-2-

Case 1:04-cv-01150-RAE   Document 39   Filed 09/01/06   Page 2 of 17

Court further required that all outstanding discovery due defendants must be answered by plaintiff on or before January 19, 2006.

Discovery ended, but plaintiff did not answer the outstanding discovery of defendant CMMC which, as a result, filed a motion for sanctions. Both CMMC and RBC have filed a motion for summary judgment to dismiss the complaint. In addition, CMMC seeks summary judgment on its claim to recover under the Note. Plaintiff has not responded to any of the motions. All three motions are presently before the Court for consideration.[2]

Before proceeding, it should also be pointed out that plaintiff has not filed any response to the two summary judgment motions or the motion for sanctions. Thus, those motions stand unopposed. As will be seen later, a court has inherent power to raise the issue of dismissal based on Rule 41(b) for lack of prosecution, and the facts of this case fit clearly within that authority. Mitchell v. Winston-Salem, No. 1:04CV1103, 2006 WL 889552 (M.D.N.C. March 29, 2006).

---

[2]CMMC has also filed a motion for entry of default on the grounds that plaintiff did not file a timely reply to the counterclaim, which reply was due on or about January 28, 2005. The motion was filed on April 25, 2005. Prior to the filing of this motion and on April 15, 2005 in conjunction with his motion to withdraw, plaintiff's counsel filed an answer and reply to the counterclaim (docket no. 12). However, this document does not contain a certificate of mailing. Thus, it is possible that CMMC did not receive the tardy filing. Under the circumstances, the Court will deny defendant CMMC's motion for entry of default. As will be seen, CMMC will not be prejudiced, inasmuch its motion for summary judgment will be granted.

-3-

**Discussion**

The Court will first entertain defendants' motions for summary judgment seeking dismissal of plaintiff's claims.[3] The Court may grant a summary judgment dismissal if the undisputed material facts show that a party is not entitled to relief. Fed. R. Civ. P. 56(c).

> A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [his] pleadings," but rather must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); see Matsushita Elec. Indus. Co., 475 U.S. at 586-87, 106 S.Ct. 1348 (holding that, once motion for summary judgment is properly made and supported, opposing party bears burden of showing, by means of affidavits or other verified evidence, that genuine dispute of material fact exists); Cray Communications, Inc. v. Novatel Computer Sys., Inc., 33 F.3d 390, 393-94 (4th Cir.1994); see also Anderson, 477 U.S. at 248, 106 S.Ct. 2505 (holding that dispute regarding material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). Furthermore, neither "[u]nsupported speculation," Felty, 818 F.2d at 1128, nor evidence that is "merely colorable" or "not significantly probative," Anderson, 477 U.S. at 249, 106 S.Ct. 2505, will suffice to defeat a motion for summary judgment; rather, if the adverse party fails to bring forth facts showing that "reasonable minds could differ" on a material point, id. at 250, 106 S.Ct. 2505, then, regardless of "[a]ny proof or evidentiary requirements imposed by the substantive law," id. at 248, 106 S.Ct. 2505, "summary judgment, if appropriate, shall be entered," Fed.R.Civ.P. 56(e).

Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003).

In the instant case, plaintiff has not opposed the motion for summary judgment, but has filed a verified complaint. Such a

---

[3] Defendant CMMC also seeks judgment against plaintiff in its counterclaim to recover on the allegedly defaulted Note. Plaintiff does not oppose that part of the motion either.

-4-

complaint must be considered by the Court, at least in some situations, as an affidavit. Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991). As pertains to the instant case, plaintiff made a number of statements in the complaint which need to be discussed. First, in paragraph 11, plaintiff claims that defendant CMMC did not send any notice, bill or statement, or welcome letter to the property address of the plaintiff. In paragraph 12, plaintiff claims that defendant RBC "did not send any notice of assignment, sale or transfer of servicing to the Plaintiff." Neither of these statements contain any factual basis for that claim, nor do they reveal how plaintiff could know whether such items were or were not sent. As a result, the Court considers these statements to be inadmissible hearsay. See City of Greensboro Professional Fire Fighters Ass'n, Local 3157 v. City of Greensboro, 64 F.3d 962 (4th Cir. 1995).

Other statements present potential problems, but are of questionable value. In paragraph 21, plaintiff makes the statement that he "was unaware that monies were not being debited from his account." He fails to explain this. Presumably, it is based on his claim that he thought that an automatic draft situation was being set up. However, he fails to explain why he would not have been aware that significant sums of money were not being drafted from his account every month. The Court finds the statement conclusory and will not consider it.

In paragraph 22, plaintiff states that prior to the property being "posted," which term is not defined, he "received no written

-5-

or oral communication from RBC concerning its sale or transfer of the instrument to Chase." In paragraph 23, plaintiff states that, again, prior to the property being posted, he "had no knowledge that Chase was the holder of the note and that it was not receiving payments." The Court rejects these averments because they are general and come <u>before</u> defendants' very specific evidence (which is discussed below) showing plaintiff's statements to be false or mistaken.

When a defendant presents specific facts in support of a motion for summary judgment, a plaintiff may not rest on general statements set out in a verified complaint. Were the Court to credit plaintiff's statement in the verified complaint, which in light of defendants' information plaintiff may wish to modify, it would be tantamount to forcing plaintiff to adopt a possibly perjurious statement. Therefore, while the Court will accept plaintiff's verified complaint as an affidavit in opposition to summary judgment, it will not credit general statements in the face of the contrary and factually specific representations in defendants' affidavits. This is merely a variation of the general rule that the party resisting summary judgment must do so with specific facts. <u>Pine Ridge Coal Co. v. Local 8377, United Mine Workers of America</u>, 187 F.3d 415, 422 (4th Cir. 1999)(must show alternate calculations); <u>United States v. Hudson</u>, 982 F.2d 160, 165 (5th Cir. 1993)(expert witness affidavit expressing opinion without setting out reasons is insufficient); <u>Lucas v. Chicago Transit</u>

Authority, 367 F.3d 714, 726 (7th Cir. 2004)(fails to set out times, dates, and places).

If the general statement in a verified complaint is not challenged, the Court may accept it for summary judgment purposes. If it is challenged, plaintiff must come forward with more specific evidence or explanations. In the instant case, plaintiff's general claim that he did not receive any letters or oral communications from defendants is rendered insufficient by defendants' showing that none of the letters sent were returned and that plaintiff had oral contact with defendants on specific dates. Plaintiff was obligated to come forward with specific facts meeting these points.

The uncontested facts set out in defendants' affidavits are as follows. Defendant RBC submitted the affidavit of Deborah Smith, which shows the posting of two payments on the Note by plaintiff, one on October 3 and the other on October 30, 2003. However, the October 30 payment was returned for insufficient funds. A payment on the note was made on December 2, 2003 in the amount of $2,400.00. RBC did not receive any automatic draft paperwork relating to the Note. Furthermore, RBC attempted to contact plaintiff by telephone at least seven times from November 2003 through January 2004. On January 16, 2004, RBC mailed a Notice of Assignment to plaintiff at the incorrect address, but said letter was never returned to it for insufficient or inaccurate mailing address. Moreover, on January 26, 2004, plaintiff contacted RBC to discuss whether he could set up a payment option on his loan. He

was, at that time, advised that the account was being transferred to CMMC on February 1, 2004.

Defendant CMMC also submitted an affidavit from a Ryan L. Reitmajer, Sr. He shows that plaintiff executed a Note to RBC on July 30, 2003 with a monthly payment of $1,461.10. He verifies that plaintiff made one payment to RBC in the amount of $2,281.49 on October 3, 2003, and a second payment of $2,400.00 on December 2, 2003. He further states that plaintiff has not made any payments since that time. (It should be noted that plaintiff does not dispute this fact, even in the verified complaint.) CMMC became the servicer of the Note on February 1, 2004.

Plaintiff had conversations with representatives from CMMC in May, June, and August of 2004. As of December 2, 2003, the balance owed on the Note by plaintiff was $246,495.11, plus interest at the rate of 5.875%, escrow costs, insurance, attorney's fees, and other expenses and charges due under the Note. Mr. Reitmajer further points out that because of an inputting error, plaintiff's address was incorrectly shown as 1246 Buckstone Court, Concord, North Carolina 28027, as opposed to the correct address of 1246 Blackstone Court, Concord, North Carolina 28027. (See n.1, supra) Mr. Reitmajer states that despite the use of this incorrect address, CMMC's records do not show evidence of mail ever being returned from use of this incorrect address. On April 8, 2004, notice of default was sent to the incorrect address, but that letter was not returned. Nevertheless, a CMMC representative had contact with plaintiff on May 26, 2004, when plaintiff inquired

-8-

about his options. The correct address information ( <u>1246 Blackstone Court</u>) was obtained. Later, representatives from CMMC attempted to contact plaintiff to get additional information so they could discuss options he could pursue. Plaintiff did not respond. Plaintiff was renotified on June 30, 2004 concerning the default, and this time the correct address was used. Foreclosure proceedings were initiated on August 11, 2004, and plaintiff was personally served by the Sheriff on August 25, 2004.

### **RBC'S Motion for Summary Judgment**

Defendant RBC moves for summary judgment. It reads plaintiff's complaint as asserting damages for failure to give sufficient notice of the loan transfer under the contract and under the provisions of 12 U.S.C. § 2605. The statute requires that notice of a loan transfer must be given not less than fifteen days before the effective date of the transfer. 12 U.S.C. § 2605(a)(2)(A). Defendant RBC contends that it did give sufficient notice of the transfer by sending a letter to plaintiff notifying him of the change in servicing of the loan on January 16, 2004. However, while not specifically acknowledging the fact, it is clear that defendant RBC sent the notice to the wrong address. On the other hand, it has introduced specific evidence that the letter was not returned and on January 26, 2004, plaintiff was orally advised of the change. Plaintiff does not show that this oral notice would not have satisfied the contract. Even so, it would not have satisfied Section 2605, coming less than fifteen days before the effective date of the transfer. Thus, Section 2605 may have

possibly been technically violated if the mailing was delayed for any reason.

Rather than exploring the notification issue further, the Court will turn to whether plaintiff has shown any damages. Section 2605(f) provides that for a violation of the statute, an individual may recover actual damages and additional damages not to exceed $1,000.00 should the Court find a pattern or practice [4] of noncompliance, along with costs, including attorney's fees. Defendant RBC argues that the statute only allows the recovery of damages for economic injury and not emotional distress. It recognizes there is a split in authority among the district courts. <u>Katz v. Dime Sav. Bank, FSB</u>, 992 F. Supp. 250 (W.D.N.Y. 1997)(actual damages do not include nonpecuniary loss); <u>Rawlings v. Dovenmuehle Mortg., Inc.</u>, 64 F. Supp. 2d 1156 (M.D. Ala. 1999); and <u>Johnstone v. Bank of America, N.A.</u>, 173 F. Supp. 2d 809 (N.D. Ill. 2001)(emotional damages allowed). However, the Court need not enter this fray because, as defendant RBC points out, plaintiff has failed to provide any evidence that he suffered any injury of any nature with respect to the failure of notification for which defendant RBC would be responsible. For relief, plaintiff alleges injury to his credit rating and other damages in an amount in excess of $10,000.00. None of this is tied to the failure to give the full fifteen days notice. Moreover, this is a mere conclusory statement and not sufficient to withstand summary judgment.

---

[4] Plaintiff has failed to allege or show a pattern or practice of non-compliance.

Therefore, defendant RBC's motion for summary judgment will be granted.

### Defendant CMMC's Motion for Sanctions and for Summary Judgment

Defendant CMMC seeks summary judgment first to dismiss plaintiff's complaint and second, for judgment in its favor on its counterclaim against plaintiff. It also seeks the same relief based on its motion for sanctions as a result of plaintiff's failure to obey this Court's order to provide discovery.

With respect to plaintiff's complaint, this defendant states that plaintiff may have possibly raised two causes of action for failure of notification of the loan transfer, one based on the contract and the other based on Section 2605. However, it sees a possible third cause of action based on possible wrongful foreclosure caused by CMMC. As to this last cause of action, it is not entirely clear that the complaint should be read to make such a claim. Plaintiff has done nothing to clarify the confusion and, as will be seen, under these circumstances, the Court is not inclined to manufacture a claim on plaintiff's behalf. In all events, as previously found with respect to RBC's motion, defendant will be entitled to summary judgment because of plaintiff's failure to produce evidence of damages and also for failure to show judgment should not be entered against him under the Note.

Before finally disposing of the motion for summary judgment, the Court will entertain CMMC's motion for sanctions. This motion is based on the fact that plaintiff has failed to respond to outstanding discovery requests seeking information concerning

damages for the failure of loan notification transfer, initiation of the foreclosure, credit rating damages, along with emotional and reputational damages.  On November 1, 2005, defendant CMMC sent plaintiff interrogatories and requests for production of documents concerning the discovery set out above.  Instead of answering the discovery, plaintiff requested an extension of time on November 28, 2005 in order to get a new attorney.  The defendants were fearful that this could be a delaying tactic.  The Court resolved the dispute by requiring plaintiff to have a new attorney enter an appearance on or before January 6, 2006 and, in any event, ordered all parties, and in particular plaintiff, to answer all outstanding discovery requests on or before January 19, 2006.  Defendant CMMC shows that plaintiff has neither complied with the Court's Order nor opposed the motion for sanctions.

Federal Rule of Civil Procedure 37(d) states that if a party fails to serve discovery responses made pursuant to Rules 33 or 34, the Court may take action pursuant to Rule 37(b)(2).  In addition, Rule 37(b)(2) states that if a party fails to obey an order entered under Rule 26(f), the Court can entertain sanctions under that subsection.  In the instant case, the Court finds that the order granting plaintiff's motion for an extension of time, but requiring discovery responses on or before January 19, 2006, constituted a Rule 26(f) order.  Therefore, under both Rule 37(b)&(d), the Court may sanction the disobedient party, in this instance plaintiff, by dismissing the action or rendering a judgment by default, or other actions.  In this case, defendant CMMC requests that the Court

dismiss plaintiff's complaint and enter default on its counterclaim.

The Court finds ample reason to grant defendant CMMC's motion for sanctions with respect to dismissing the complaint. First, it is clear that plaintiff has failed to produce important discovery. In a similar situation, the Court noted that,

> [in] entertaining Rule 37 sanctions, the Court looks to the four-factor test set out in Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 503 (4th Cir. 1977), and Mutual Federal Sav. and Loan Ass'n v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir. 1989). These factors look to see whether the non-complying party (1) acted in bad faith; (2) the amount of prejudice caused by the non-compliance; (3) the need for deterrence; and (4) the effectiveness of less drastic sanctions.

Mitchell, 2006 WL 889552, at *2. Before considering those factors, this case must be viewed in proper context. As in Mitchell, the plaintiff here not only failed to respond to discovery requests, but also failed to oppose the motions for summary judgment in any fashion. In such a circumstance, the Court found that it could sua sponte raise the issue of whether the case should be dismissed pursuant to Fed. R. Civ. P. 41(b) for a party's lack of prosecution or disobedience to court orders. There, the Court found that when a party files a lawsuit, but then fails to participate in it, especially at the summary judgment level, that party creates a substantial burden for the opposing party and the Court. Often, as with the case in Mitchell and in this case, there are other indications that a party simply has lost interest in the lawsuit. In such a situation, requiring the opposing party to continue to act as if there is a live controversy in front of it is tantamount

-13-

to letting the non-interested party punish the interested party through the imposition of the expensive costs of litigation.

In the instant case, plaintiff's attorney requested to be relieved from further representation of plaintiff because plaintiff failed to cooperate. The Court granted plaintiff additional time to secure another attorney, but also directed plaintiff that outstanding discovery requests must be answered by a time certain. Plaintiff disobeyed this order, failed to provide the important discovery and, in addition, has failed to respond in any fashion to the motions for summary judgment and for sanctions. Plaintiff was warned that the consequence for such inactivity could be dismissal of the action. Thus, plaintiff, through a number of inactions and disregard of orders, has established a pattern indicating a loss of interest in this lawsuit. He has failed to provide any excuse for his inactions, which directly harm defendants' ability to defend this action. There is obviously a need for deterrence, and a lesser sanction would not be appropriate even if plaintiff could pay substantial costs and fees. Under the circumstances, it seems proper to invoke both Rules 41(b) and 37(b)(2)(C) and dismiss the complaint against defendant CMMC. While defendant RBC did not make a separate motion for sanctions, it did complain that plaintiff has failed to prosecute this case. As such, dismissal with respect to RBC may be made pursuant to Rule 41(b) as well.

Defendant CMMC also requests sanctions in the form of granting its counterclaim against plaintiff with respect to finding plaintiff liable on the Note. However, it does not seem that the

discovery requests are directly related to defendant CMMC's counterclaim. While it is true that plaintiff did not resist defendant CMMC's motion for summary judgment on the counterclaim, the Court does not find that the reasoning of Mitchell v. Winston-Salem, supra, is applicable to the situation where a party fails to respond to a request to grant relief sought in a complaint or a counterclaim. In such a situation, that party has not initiated a proceeding as a plaintiff does by filing a complaint. Therefore, it is less likely that such a party is using a lawsuit as a vehicle to punish the other side, as was the case in Mitchell. Nothing else appearing, the mere failure of a party against whom a judgment is sought to oppose a motion for summary judgment would not be cause in and of itself to consider sanctions pursuant to Rule 41(b). Therefore, the Court will go on to consider defendant CMMC's motion for summary judgment as to the counterclaim.

Defendant CMMC seeks summary judgment on its counterclaim for a money judgment against plaintiff. With respect to the counterclaim, plaintiff acknowledges the Note in the complaint and has not produced evidence showing that the Note is not in default and the amount cited by CMMC is not the amount of money owed. Mr. Reitmajer's affidavit shows that the balance owed to CMMC by plaintiff is $246,495.11, plus interest since December 2, 2003 at the rate of 5.875%. In addition, according to Reitmajer, defendant is owed escrow costs, insurance, attorney's fees, and other expenses under the Note. That amount, however, is not set out in the affidavits and, therefore, judgment cannot be entered without

-15-

further evidence being received.  In addition, defendant CMMC's motion for summary judgment does not seek escrow costs or insurance fees.  It only seeks attorney's fees pursuant to N.C. Gen. Stat. § 6-21.2, plus costs of the case, along with permitting CMMC to proceed with foreclosure under the Deed of Trust.  Consequently, before judgment can be entered, defendant CMMC must be prepared to present evidence concerning the items and amount of what it seeks to recover and the bases for them under the Note.  In that regard, within twenty days from the date of this Order, defendant CMMC shall supply this additional evidence, along with a short brief showing entitlement to the costs.  Thereafter, plaintiff shall have twenty days to file a response.  The Court will not hold a hearing unless either party requests one and/or the Court in its own determination feels one would be necessary or helpful.

**IT IS THEREFORE ORDERED** that defendants RBC Mortgage Company's and Chase Manhattan Mortgage Corporation's motions for summary judgment requesting dismissal of plaintiff's complaint (docket nos. 30 & 34) are granted, that dismissal of the complaint is further granted pursuant to defendant CMMC's motion for sanctions (docket no. 32) under Fed. R. Civ. P. 37(b)(2)(C) and, in addition, dismissal of the complaint is granted <u>sua sponte</u> pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this action and obey court orders, and for all these reasons, the complaint is dismissed and plaintiff shall recover nothing.

**IT IS FURTHER ORDERED** that defendant Chase Manhattan Mortgage Corporation's motion for judgment on the promissory note (docket

no. 34) is granted and plaintiff is liable to Chase Manhattan Mortgage Corporation in the amount of $246,495.11, plus interest at the rate of 5.875% accruing since December 2, 2003 until entry of judgment and, thereafter, interest at the established rate and, in addition, defendant Chase Manhattan Mortgage Corporation recover against plaintiff Frederick B. Spencer, III costs, including attorney's fees and other costs, if any, as shall be determined at a later time.

**IT IS FURTHER ORDERED** that defendant CMMC shall present evidence concerning the amount of costs and fees which it seeks under the Note within twenty days from the date of this Order, along with a short brief showing entitlement to the costs. Thereafter, plaintiff shall have twenty days to file a response. The Court will not hold a hearing unless either party requests one and/or the Court in its own determination feels one would be necessary or helpful.

**IT IS FURTHER ORDERED** that defendant Chase Manhattan Mortgage Corporation's motion for entry of default (docket no. 14) is denied.

*Russell A. Eliason*
United States Magistrate Judge

September 1, 2006