IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FREDERICK B. SPENCER, III,          )
                                    )
            Plaintiff,              )
                                    )
        v.                          )   1:04CV1150
                                    )
H. TERRY HUTCHENS, as Substitute    )
Trustee, CHASE MANHATTAN            )
MORTGAGE CORPORATION, and           )
RBC MORTGAGE COMPANY,               )
                                    )
            Defendants.             )

## MEMORANDUM OPINION AND ORDER

**Eliason, Magistrate Judge**

On September 1, 2006, this Court entered an order granting the Defendants' motions for summary judgment, dismissing Plaintiff's complaint, and granting Defendant Chase Manhattan Mortgage Corporation's ("CMMC") motion for judgment on a promissory note. In addition to the principal and interest, CMMC also sought costs and fees associated with collection of the Note. Those amounts had not been set out in the summary judgment affidavits. As a result, the Court directed CMMC to present evidence concerning the costs and fees and directed that Plaintiff file any response within twenty days. The Court further instructed the parties that should any of them wish a hearing, the Court would grant one upon their request. Defendant CMMC filed a supplemental brief, along with affidavits. It has not requested a hearing. Plaintiff and Counterclaim-Defendant Frederick B. Spencer, III, has not filed a response, nor has he requested a hearing. Thus, Defendant CMMC's

request for costs and fees stands unopposed. The Court will now review this evidence.

Defendant CMMC seeks to recover costs and attorneys' fees. With respect to the attorneys' fees, the Note provides that the note holder may recover "reasonable attorneys' fees." No specific amount is set out. However, N.C. Gen. Stat. § 6-21.2(2) provides that if the note does not specify a specific amount, but merely calls for reasonable attorneys' fees, then such provision shall be construed to mean fifteen percent of the outstanding balance. The North Carolina courts have applied this provision even in a situation where, as in this case, the fifteen percent amount will exceed actual attorneys' fees. <u>Trull v. Central Carolina Bank & Trust</u>, 124 N.C. App. 486, 494, 478 S.E.2d 39, 44 (1996).

With respect to determining the outstanding balance in this case, CMMC points to N.C. Gen. Stat. § 6-21.2(3) which provides that outstanding balance means "the principal and interest owing at the time suit is instituted to enforce any security agreement securing payment of the debt and/or to collect said debt." It further shows that it instituted foreclosure proceedings on August 25, 2004 by serving Plaintiff with notice of hearing prior to foreclosure. In the Court's prior order, it found Plaintiff to be liable to CMMC in the amount of $246,495.11, plus interest at the rate of 5.875% accruing since December 2, 2003. Defendant CMMC calculates that the interest from that date to August 25, 2004 would be $10,629.16. Adding the two amounts gives a figure of $257,124.27. Taking fifteen percent of this amount yields

attorneys' fees in the amount of $38,568.64. This appears to be a correct calculation of attorneys' fees under North Carolina law.

Next, CMMC shows that Plaintiff owes an escrow balance of $26,367.27, as set out in Exhibit 4 to Mr. Reardon's affidavit. (Docket No. 42) These charges constitute mortgage insurance premiums in the amount $601.03, along with city and county taxes, and hazard insurance from November 2003 through July 2006. The exact time and date of the charges are set out in Exhibit 4. These are reasonable costs due under the Note.

Next, CMMC requests late fee charges in the amount of $1,986.96. See (Reardon Aff. ¶ 11.) This refers to late charges for each overdue payment of principal and interest equal to four percent of the amount overdue. The affidavit refers the Court to Exhibit 4. The information is not located there, but in Exhibit 3. This shows that there are periodic monthly charges of $58.44 starting in November 2003 and running through September 2006. The amount equals $1,986.96 due under the Note.

Finally, the Reardon Affidavit requests payment for property inspection fees and also for attorneys' fees in the amount of $2,240.90. The Reardon Affidavit directs the Court's attention to Exhibit 4, but again these charges are contained in Exhibit 3. This exhibit shows that from March 2004 through September 2006, thirty property inspections were made at the cost of $14.00 each, for a total amount of $420.00. There are also attorneys' fees listed for July 16, 2004 of $550.00 and $350.95. On May 13, 2005, there are attorneys' fees listed for $933.95. These attorneys'

fees apparently relate to the foreclosure proceedings. Recognizing that attorneys' fees have already been requested pursuant to N.C. Gen. Stat. § 6-21.2, Defendant CMMC's brief only requests fees for property inspection and only in the amount of $406.00 because one of the property inspection fees had been waived. The Court finds the $406.00 fee to be an accurate and reasonable cost.

**IT IS THEREFORE ORDERED** that defendant Chase Manhattan Mortgage Corporation has incurred costs under the Note and Deed of Trust in the following amounts: Escrow charges in the amount of $26,367.27, plus late charges in the amount of $1,986.96, plus property inspection fees in the amount of $406.00, and attorneys' fees and expenses pursuant to N.C. Gen. Stat. § 6-21.2 in the amount of $38,568.64, for a total of $67,328.87.

**IT IS FURTHER ORDERED** that Judgment be entered pursuant to this Order and the September 1, 2006 Order that Chase Manhattan Mortgage Corporation recover from Plaintiff Frederick B. Spencer, III, the amount of $246,495.11, plus interest at the rate of 5.875% accruing since December 2, 2003 until entry of Judgment, along with costs and attorneys' fees in the amount of $67,328.87.

/s/ Russell A. Eliason
**United States Magistrate Judge**

November 16, 2006

-4-

Case 1:04-cv-01150-RAE   Document 43   Filed 11/16/06   Page 4 of 4